**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Rodolfo Rios, an Oklahoma resident,

Plaintiff,

vs.

Genzyme Corporation, a Massachusetts corporation,

Defendant.

Court File No. 02-CV-109 JMR/FLN

**PROTECTIVE ORDER**

The parties, by mutual consent, submit this Protective Order, and the Court being duly advised, hereby ENTERS this Protective Order as follows:

A. Any party or nonparty that discloses information or produces documents which it reasonably believes to be confidential may, at the time of the disclosure or production, designate such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."

B. Any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER," as provided for under the terms of this Protective Order, shall be disclosed only to the persons listed herein and shall be used only for the purposes of this proceeding.

C. Access to information which has been designated "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" by the producing party shall be permitted only to the following persons:

1. The parties, including employees of any corporate parties;
2. The parties' counsel and employees of counsel;

3. Persons retained as expert independent consultants ("consultants") or expert independent witnesses ("experts") (including their employees or clerical assistants) provided that:

   a) each such consultant or expert has read this Protective Order in advance of disclosure and agreed, in writing, to be bound by its terms;

   b) before any disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" material of the producing party or nonparty is made to a consultant or expert retained or employed by the receiving party or its attorneys, an attorney for the receiving party shall serve a notice on the producing party or nonparty identifying the said consultant or expert by name, address, and telephone number. Such notice shall be accompanied by written acknowledgment from such person in accordance with paragraph C.3(a) above, stating that he or she has read and understands this Protective Order and agrees to comply with and be bound by its terms;

   c) the producing party or nonparty shall state any objections to the proposed disclosure and state the reasons therefore in writing to the receiving party within fourteen (14) days of the receipt of the notice. Unless the producing party or nonparty objects to the disclosure in accordance with the notice and timing provision above, the consultant or expert identified in the notice shall be considered a qualified recipient of the confidential information or documents under the terms of this Protective Order. Should the producing party or nonparty property object, "CONFIDENTIAL" or "CONFIDENTIAL – PRODOCUED PURSUANT TO PROTECTIVE ORDER" material will not be disclosed unless the receiving party obtains an Order from the Court permitting the disclosure.

D. Nothing in this Protective Order shall preclude use of a document or information with a person who was the author or recipient of a document designated "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or who otherwise had access to such information or document prior to the document having been produced in this litigation so long as such use is in accordance with the provisions of Paragraph B.

E. Every document containing information which the producing party or nonparty wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" shall be so marked in a conspicuous manner on each page prior to providing copies of the document to counsel for the requesting party.

F. All documents made available for inspection and copying for the purpose of providing information in response to an interrogatory through the production of business records, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, or the option of responding to a request for production by producing documents as they are kept in the usual course of business, as permitted by Rule 34(b) of the Federal Rules of Civil Procedure, will be considered, initially, as documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." Only those persons identified in Paragraph C above may be present during any examination, audit or inspection of documents made available for the purpose of providing information in response to an interrogatory through the production of business records, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, or the option of responding to a request for production by producing documents as they are kept in the usual course of business, as permitted by Rule 34(b) of the Federal Rules of Civil Procedure. At such time as the producing party or nonparty transmits any copies of those documents produced for the purpose of providing information in response to an interrogatory through the production of business records, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, or the option of responding to a request for production by producing documents as they are kept in the usual course of business, as permitted by Rule 34(b) of the Federal Rules of Civil Procedure to the requesting party, the producing party or nonparty shall designate those documents which the producing party or nonparty desires to continue to have treated as "CONFIDENTIAL" or

"CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" documents in the form provided for in paragraph E above.

G. Only court reporters and those persons identified in Paragraph C may be present during any deposition examination relating to information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." Those portions of the deposition transcripts that relate to such information or documents as well as all such documents made exhibits shall be sealed in envelopes or other appropriate containers bearing the caption of this proceeding and a statement substantially equivalent to the following:

> "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER"
>
> This envelope containing "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" documents is not to be opened nor the contents hereof to be displayed or revealed except as provided in the Protective Order entered into by the parties herein.

Any person giving deposition testimony may designate any or all of the testimony as "CONFIDENTIAL" or "CONFIDENTIAL -- PRODUCED PURSUANT TO PROTECTIVE ORDER." A party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" such portion of any deposition testimony, regardless by whom given, which contains or discloses confidential information. The person desiring to so designate any portion of a deposition shall do so on the record while the deposition is being taken, either personally or through counsel. Alternatively, the transcript of the deposition (or any other testimony) may be designated as "CONFIDENTIAL" or "CONFIDENTIAL -- PRODUCED PURSUANT TO PROTECTIVE ORDER" in accordance with this Order by notifying the other party in writing, within thirty (30) days of receipt of the

transcript, of the specific pages and lines of the transcript which are being so designated. All such transcripts shall be treated accordingly and subject to this Protective Order until a time thirty (30) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not so designated within thirty (30) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Protective Order.

H. If it is necessary for a receiving party to file documents, pleadings, or memoranda containing information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- PRODUCED PURSUANT TO PROTECTIVE ORDER" with this Court, all such documents, as well as all pleadings or memoranda which reproduce or paraphrase such information, shall be filed under seal with this Court in envelopes or other suitable containers bearing a statement substantially equivalent to the following:

> "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER"
>
> This envelope containing documents which are filed in this proceedings by [name of party] is not to be opened nor the contents hereof to be displayed or revealed except by Order of the Court.

I. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this proceeding without involving the Court unnecessarily in the process.

J. This Protective Order shall be without prejudice to the right of either party or other subscriber to this Protective Order to bring before this Court at any time the question of whether its use of documents or information should be restricted in accordance with the terms hereof, in which case the party claiming confidentiality will have the burden of establishing the same, or to present a motion to this Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate Protective Order as to any such particular information or document,

including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice either party in any way in any future application for modification of this Protective Order. This Protective Order may be amended as need may arise by the mutual consent and agreement of counsel without prior leave of this Court.

K. Within thirty (30) days after the final termination of this proceeding, including all appeals, the receiving party shall return to the producing party all materials which have been designated "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" by the producing party and shall destroy all copies, digests or summaries which have been made of, or prepared from, such documents and shall certify such destruction to the producing party.

L. Whenever a party objects to the designation of material or information as confidential, it shall so notify counsel for the producing party in writing, setting forth the reasons supporting such objection. Counsel for the producing party shall respond in writing to any such notification either by withdrawing the confidential designation or by stating that it refuses to do so and the reasons for its refusal. Upon receipt of such a notification or refusal, counsel shall meet, either face-to-face or telephonically, to attempt in good faith to resolve the dispute. If the dispute remains unresolved, the objecting party may move the Court for an Order removing the confidential designation. Until the issue is resolved by the Court or, in the event of any interlocutory appeal, until determination of such appeal, the information or documents shall continue to be treated as confidential in accordance with the provisions of this Protective Order.

M. Any party that intends to move to modify this Protective Order, to seek clarification of this Protective Order, or to seek another Protective Order, shall first notify opposing counsel in writing of the proposed modification, request for clarification, or proposed

terms of the new proposed protective order. Counsel for the opposing party shall respond in writing to any such notification either by agreeing to the proposed modification, clarification, or new order or by stating that it refuses to do so and the reasons for its refusal. Upon receipt of such a notification or refusal, counsel shall meet, either face-to-face or telephonically, to attempt in good faith to resolve the dispute. If the dispute remains unresolved, the proposing party may then move the Court to seek the proposed modification, clarification, or new protective order. Until the issue is resolved by the Court or, in the event of any interlocutory appeal, until determination of such appeal, any information or documents shall continue to be treated as confidential in accordance with the provisions of this Protective Order.

N. The unauthorized use or disclosure of information designated confidential may cause irreparable damage to the producing party and, therefore, in addition to seeking the sanctions available under the law for contempt, the producing party also may seek injunctive relief (including a preliminary injunction) and/or monetary damages as additional remedies for the violation of the terms of this Protective Order.

O. This Protective Order shall not be construed in any fashion to limit the ability of a party to make use of information or documents that it reveals or produces to the opposing party in this matter.

All of which is ORDERED this 21st day of February 2002.

Franklin L. Noel
Chief Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodolfo Rios, an Oklahoma resident,

Plaintiff,

vs.

Genzyme Corporation, a Massachusetts corporation,

Defendant.

Court File No. 02-CV-109 JMR/FLN

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

The parties, by undersigned counsel, respectfully tender to the Court the proposed Protective Order attached as Exhibit A, and move the Court to enter said Protective Order in this case.

Respectfully submitted,

**RODOLFO RIOS**

James Behrenbrinker (#186739)
Attorney at Law 2/15/02
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8168

***Attorneys for Plaintiff***

**GENZYME CORPORATION**

2/19/02
Sarah L. Brew (#209958)
William J. Otteson (#290440)
GREENE ESPEL, P.L.L.P.
333 South Seventh Street, Suite 1700
Minneapolis, MN 55402
(612) 373-0830

***Attorneys for Defendant***

FILED FEB 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK